Ghale v. Garland

BIA
Barcus, IJ
A205 897 882

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand twenty-three.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

RAJENDRA GHALE,
> *Petitioner,*

v.        **20-1348
NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Stephen J. Flynn, Senior Litigation Counsel; Lindsay Marshall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rajendra Ghale, a native and citizen of Nepal, seeks review of a March 25, 2020 decision of the BIA affirming a June 6, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rajendra Ghale,* No. A 205 897 882 (B.I.A. Mar. 25, 2020), *aff'g* No. A 205 897 882 (Immigr. Ct. N.Y.C. June 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review

2

the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum, Ghale had to show that he suffered past persecution or that he has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see also id.* § 1158(b)(1)(A), (B)(i).

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and alterations omitted). "[W]hile the difference between harassment and persecution is necessarily one of degree, the degree must be assessed with regard to the *context*

3

in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (internal quotation marks and citation omitted).

The agency did not err in concluding that Ghale failed to establish harm rising to the level of persecution. [1] Ghale testified that, over a period of approximately five years, he had a series of encounters with Maoists who demanded that he support their party, came to his home on multiple occasions, once threatened to kill him if they lost an election, and once forced him from his home and hit him in the head with an unidentified object, leaving him unconscious and requiring two days' medical treatment. But his sparse testimony did not otherwise "refer[] to specific facts" showing the severity of his injuries from this assault or showing that the assault rose to the level of persecution in the context in which it occurred. 8 U.S.C. § 1158(b)(1)(B)(ii); *see Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (holding that a beating may constitute persecution but does not "constitute[] persecution *per se*"); *Beskovic*, 467 F.3d at 226 (holding that "minor" beatings are more likely to constitute persecution if they occur in the

---

[1] We do not understand the agency's decisions to rely on an adverse credibility determination. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1680 (2021) ("In order for an alien's testimony to carry the day on its own, the statute requires the alien to satisfy the trier of fact on all three counts—showing his 'testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.'") (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)).

context of arrest or detention on account of a protected ground).  The record is silent as to the nature of the treatment Ghale received while hospitalized and any other lasting effects from the assault.  Although Ghale also received threats, apparently triggered by periodic elections, these were mostly separated by years both from each other and from this one instance of physical harm.  *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 413 (2d Cir. 2006) (noting that "unfulfilled threats" generally do not constitute past persecution).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2) (2018).[2]  "In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecution is by a government or is government-sponsored." 8 C.F.R. § 1208.13(b)(3)(i) (2018).

---

[2] Citations to regulations refer to the version in effect at the time of the agency's decision.

The agency did not err in concluding that Ghale failed to satisfy that burden. As the agency noted, Ghale's interactions with the Maoists occurred in his home village, and Ghale asserted that he did not have problems with Maoists during two periods in which he lived outside the village: between 2006 and 2008, and for more than two months immediately before leaving Nepal in 2012. He did not claim that he was in hiding during the first of these periods, and while he asserted that he *was* in hiding during the second, his testimony was vague as to why this was necessary. *See Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Moreover, the agency reasonably relied on Ghale's testimony that his parents have relocated to Kathmandu without further problems with the Maoists in finding that he, too, could safely relocate within Nepal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (noting that evidence of similarly situated family members being able to "live . . . without harm" in the applicant's home country "cuts against [the] argument that [the applicant] has a well-founded fear of persecution"). Other than the potential risks posed by Maoists, Ghale does not claim that there was any factor that would make it unreasonable for him to move to another area of Nepal. *See Singh*, 11 F.4th at 117

6

("Under the regulations in place at the time . . . the agency determined the reasonableness of internal relocation by considering 'whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties.'") (quoting 8 C.F.R. § 1208.13(b)(3) (2017)).

In sum, Ghale did not meet his burden for asylum because he did not demonstrate sufficiently severe past harm or that he could not reasonably avoid future persecution by relocating within Nepal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i); 8 C.F.R. § 1208.13(b)(3)(i) (2018); *Mei Fun Wong*, 633 F.3d at 72; *Ramsameachire*, 357 F.3d at 178. Because Ghale failed to meet his burden for asylum, he "necessarily" failed to meet the higher standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7